IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM ROBINSON,** *Plaintiff,* | **CIVIL ACTION** |
| v. | No. 18-341 |
| **NATIONAL RAILROAD PASSENGER CORPORATION d/b/a "Amtrak" and BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYEES,** *Defendants.* | |

## MEMORANDUM

Defendant Brotherhood of Maintenance of Way Employees ("Union" or "Defendant Union") initially filed a Motion to Dismiss on April 24, 2018 (ECF No. 9) arguing that the Court lacked subject matter jurisdiction, Plaintiff failed to exhaust his administrative remedies, Plaintiff failed to plead that Defendant Union's conduct was arbitrary, discriminatory, or in bad faith, and that Plaintiff's Counts II and III were duplicative of Count IV. *See generally* Def.'s Mot. Dismiss (ECF No. 9). After considering Defendant's Motion to Dismiss (ECF No. 9), the responses thereto (ECF Nos. 10, 11) and a hearing on the record with counsel for the parties, the Honorable Eduardo C. Robreno denied this Motion to Dismiss (ECF No. 9) in its entirety. (ECF No. 16).

On June 15, 2018, Defendant Union filed its Answer to the Complaint. (ECF No. 20). On November 6, 2018, Defendant Union then filed a Motion for

Judgment on the Pleadings (ECF No. 28) arguing that under the Railway Labor Act, which it argues governs the Amtrak-BMWE Agreement, a union is not liable for damages due to discharge because employees can seek relief without the union; Plaintiff does not allege Amtrak's decision to discharge him was dependent on the Union's conduct; among other claims. On November 19, 2018, this matter was reassigned from the Honorable Eduardo C. Robreno to the Honorable Chad F. Kenney. (ECF No. 30).

Plaintiff filed a Response to Defendant Union's Motion for Judgment on the Pleadings, arguing that that motions for judgment on the pleadings cannot be used to assert 12(b) defenses that were not raised previously and the Railway Labor Act does not prevent the Court from apportioning Plaintiff's damages to the Defendant Union. (ECF No. 34). Defendant Union filed a Reply in Support of its Motion for Judgment on the Pleadings, arguing that it was entitled to assert new claims in its Motion for Judgment on the Pleadings, among other rebuttals. (ECF No. 35).

In support of its Motion for Judgment on the Pleadings, Defendant Union cites *Vaca v. Sipes*, 386 U.S. 171, 173 (1967), to argue that "a Union is not liable for Damages Due to an Employee's Discharge Because Employees Can Seek Relief without the Union." Def.'s Mot. Dismiss at 6 (ECF No. 28). However, under the *Vaca* case cited by Defendants, the Supreme Court held that it is possible to hold a union liable for enhancing or contributing to the employee's injury but

found, in that case, after a full trial, that almost all of Plaintiff's damages were attributable to the employer and not to the union and thus the damage award to the union was improper. The Supreme Court held:

> If a breach of duty by the union and a breach of contract by the employer are proven, the court must fashion an appropriate remedy. Presumably, in at least some cases, the union's breach of duty will have enhanced or contributed to the employee's injury. . . Given the strong reasons for not pre-empting duty of fair representation suits in general, and the fact that the courts in many § 301 suits must adjudicate whether the union has breached its duty, we conclude that the courts may also fashion remedies for such a breach of duty.
>
> . . . **The governing principle, then, is to apportion liability between the employer and the union according to the damage caused by the fault of each.** Thus, damages attributable solely to the employer's breach of contract should not be charged to the union, but increases if any in those damages caused by the union's refusal to process the grievance should not be charged to the employer. In this case, even if the Union had breached its duty, all or almost all of Owens' damages would still be attributable to his allegedly wrongful discharge by Swift. For these reasons, even if the Union here had properly been found liable for a breach of duty, it is clear that the damage award was improper

*Vaca v. Sipes*, 386 U.S. 171, 187-88, 197-198 (1967)

Thus, if Defendant Union did not properly represent Plaintiff in this matter and Plaintiff suffered even more damages based on this representation, then the Court could apportion liability to Defendant Union. Although Defendant Union claims that the "Complaint lacks any allegations that Amtrak's decision to discharge Robinson was influenced by the Union's alleged discriminatory

conduct," this determination is more appropriately decided on a Motion for Summary Judgment, especially considering both fact and expert discovery has ended and the Honorable Eduardo C. Robreno previously denied Defendant Union's Motion to Dismiss. Def.'s Mot. Dismiss at 8 (ECF No. 28).

BY THE COURT:

DATED: 2-12-2019

_____
CHAD F. KENNEY, JUDGE